IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JIMMY LEE PERRY, #109858, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 2:14-CV-992-WKW |
| BILL WYNN, et al., | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this 42 U.S.C. § 1983 action, Jimmy Lee Perry ["Perry"], a state inmate, challenges the decisions to deny him parole issued in 2005 and 2011.[1] Perry names Bill Wynn, Cliff Walker and Robert Longshore, members of the Alabama Board of Pardons and Paroles ["the Board"], William C. Segrest, a former executive director of the Board, and Cynthia Dillard, the current executive director of the Board, as defendants in this cause of action. Perry seeks monetary damages for the alleged denial of his constitutional rights.

Upon review of the allegations contained in the complaint, the court concludes that

---

[1] Although the Clerk of this court stamped the complaint "received" on September 26, 2014, it is clear that Perry presented the complaint to prison officials for mailing prior to this date. A review of the pleadings indicates Perry executed the complaint on September 24, 2014. *Complaint - Doc. No. 1* at 4. The law is well settled that a pro se inmate's complaint is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993). "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [the instant complaint] was delivered to prison authorities the day [Perry] signed it ...." *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001). In light of the foregoing, the court considers September 24, 2014 as the date of filing.

this case is due to be dismissed prior to service of process in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).[2]

## II. DISCUSSION

### A. The 2005 and 2011 Denials of Parole

Perry challenges the constitutionality of the decisions of the Alabama Board of Pardons and Paroles to deny him parole on October 6, 2005 and June 8, 2011. The claims for relief presented by Perry arise from the aforementioned denials of parole and are therefore barred by the statute of limitations applicable to 42 U.S.C. § 1983 actions filed by an inmate in this court.

> All constitutional claims brought under § 1983 are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought. *Wilson v. Garcia*, 471 U.S. 261, 275-76, 105 S.Ct. 1938, 1946-47, 85 L.Ed.2d 254 (1985). [The plaintiff's] claim was brought in Alabama where the governing limitations period is two years. Ala. Code § 6-2-38; *Perry v. Preuit & Mauldin*, 876 F.2d 1480, 1483 (11th Cir. 1989) (en banc). Therefore, in order to have his claim heard, [the plaintiff is] required to bring it within two years from the date the limitations period began to run.

*McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008).

The alleged unconstitutional parole consideration proceedings and adverse decisions

---

[2]The court entered an order granting Perry leave to proceed *in forma pauperis* in this cause of action. *Order of September 29, 2014 - Doc. No. 3*. Despite Perry's payment of an initial partial filing fee, this court must screen the complaint under 28 U.S.C. § 1915(e)(2)(B) which requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

about which Perry complains occurred in 2005 and 2011.  The tolling provision of *Ala. Code* § 6-2-8(a) provides no basis for relief to Perry from application of the time bar.[3]  Thus, the statute of limitations relative to claims attacking the constitutionality of the October 6, 2005 decision to deny parole expired in October of 2007, whereas the statute of limitations for those claims challenging the June 8, 2011 denial of parole expired in June of 2013.  As previously noted, Perry filed the instant complaint on September 24, 2014.  This filing occurred ***after*** the applicable periods of limitation had expired with respect to the claims on which he seeks to proceed.

Unquestionably, the statute of limitations is usually a matter which may be raised as an affirmative defense.  The court notes, however, that in an action proceeding under section 1983, it may consider, *sua sponte*, affirmative defenses that are apparent from the face of the complaint.  *Clark v. Georgia Pardons and Parole Board*, 915 F.2d 636, 640 n.2 (11th Cir. 1990); *see also Ali v. Higgs*, 892 F.2d 438 (5th Cir. 1990).  "[I]f the district court sees that an affirmative defense would defeat the action, a section 1915[(e)(2)(B)(i)] dismissal is allowed."  *Clark*, 915 F.2d at 640.  "The expiration of the statute of limitations is an affirmative defense the existence of which warrants dismissal as frivolous.  *See Franklin [v. State of Oregon]*, 563 F.Supp. [1310] at 1330, 1332."  *Id*. at n.2.

---

[3]This section allows tolling of the limitation period for an individual who "is, at the time the right accrues ... insane...." *Ala. Code* § 6-2-8(a).  The complaint indicates that Perry was not legally insane at the time of the challenged events so as to warrant tolling under *Ala. Code* § 6-2-8(a).

3

In analyzing § 1983 cases, "the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Ali*, 892 F.2d at 440. "It necessarily follows that in the absence of ... defendants the ... court must evaluate the merit of the claim *sua sponte*." *Id*.

> An early determination of the merits of an IFP proceeding provides a significant benefit to courts (because it will allow them to use their scarce resources effectively and efficiently), to state officials (because it will free them from the burdens of frivolous and harassing litigation), and to prisoners (because courts will have the time, energy and inclination to give meritorious claims the attention they need and deserve). "We must take advantage of every tool in our judicial workshop." *Spears* [*v. McCotter*], 766 F.2d [179, 182 (5th Cir. 1985)].

*Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

Based on the facts apparent from the face of the complaint, Perry has no legal basis on which to proceed as he filed this cause of action more than six years and one year, respectively, after the parole decisions which form the basis of the complaint occurred. As previously determined, the statutory tolling provision is unavailing. In light of the foregoing, the court concludes that Perry's challenges to the 2005 and 2011 decisions to deny parole and the procedures utilized in making these decisions are barred by the applicable statute of limitations and these claims are therefore subject to dismissal as frivolous in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i). *See Clark v. Georgia Pardons and Parole Board*, 915 F.2d 636 (11th Cir. 1990); *see also Neitzke v.*

*Williams*, 490 U.S. 319, 327 (1989).[4]

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed with prejudice prior to service of process in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) as the complaint is barred by the two-year period of limitation.

It is further

ORDERED that **on or before November 18, 2014**, the parties may file objections to this Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the

---

[4] Even had Perry timely filed this cause of action, he would not be entitled to monetary damages from the defendants as the Eleventh Circuit has long recognized that parole board officials are entitled to quasi-judicial immunity from suits requesting damages based upon decisions to grant, deny or revoke parole.  *Fuller v. Georgia State Board of Pardons and Parole*, 851 F.2d 1307 (11th Cir. 1988); *Cruz v. Skelton,* 502 F.2d 1101, 1101-02 (5th Cir. 1974).  All of the actions about which Perry complains arose during proceedings related to denials of parole in 2005 and 2011.  The challenged actions of the parole defendants are inextricably intertwined with their decision-making authority and they are therefore absolutely immune from damages.  Consequently, the plaintiff's claim for monetary damages would likewise be subject to summary dismissal pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(iii).

Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

    Done this 4th day of November, 2014.

                                                  /s/Charles S. Coody
                                     CHARLES S. COODY
                                     UNITED STATES MAGISTRATE JUDGE